## (July 5, 1966)

■ Victor J. Whitree, Appellant, v. State of New York, Respondent. (Claim No. 42764.) — Gibson, P. J. Appeal from an order of the Court of Claims which granted, in part, defendant's motion to dismiss for insufficiency, pursuant to CPLR 3211 (subd. [a], par. 7), the first three causes of action alleged in the claim. Claimant states in his brief that he "withdraws his appeal from the dismissal of the third cause of action, and desires to proceed herein only from the dismissal of the first cause of action"; that cause of action being to recover damages for the false imprisonment and illegal detention of claimant in Matteawan State Hospital from May 19, 1947 to September 8, 1961 upon an order of commitment of the Court of General Sessions of the City of New York asserted by claimant to have been void on its face. After indictment for assault in the second degree, claimant pleaded guilty of assault in the third degree, was given a suspended sentence and placed on probation. Some three months later, he was taken into custody for violation of probation, an examination into his sanity was conducted and a formal report by two qualified psychiatrists was made to the court, stating that he was in such state of insanity as to be incapable of understanding the charge or of making his defense; and there followed the order of commitment upon which the sufficiency of the claim now before us depends. Claimant was ultimately released from the State hospital pursuant to a writ of habeas corpus sustained by Special Term. The court found it "unclear" whether the committing court acted under the provisions of the Code of Criminal Procedure applicable to defendants under indictment and requiring service of the psychiatrists' report upon the defendant's counsel and an opportunity to be heard thereon (§§ 658 *et seq.*) or under the provisions thereof applicable to prisoners not under indictment (§§ 870 *et seq.*), which then required that notice of the report be given the public officers described in section 81 of the Mental Hygiene Law; but Special Term held, in sustaining the writ, that neither of these procedures respecting notice, nor that requiring a hearing, had been complied with. Contrary to Special Term's conclusion, we consider that the language of the order, in its recitals and decretal paragraphs alike, must be read as made pursuant to the provisions applicable to defendants under indictment, but the determination of this subsidiary issue

is not necessary to our decision. In attributing the effect of *res judicata* to the Special Term decision, claimant is clearly in error. (*Nastasi* v. *State of New York*, 275 App. Div. 524, affd. 300 N. Y. 473.) Claimant appears to recognize, however, that the State is not liable for an erroneous judicial determination underlying an order, valid on its face, made by a court having jurisdiction (*Douglas* v. *State of New York*, 296 N. Y. 530, affg. 269 App. Div. 521; *Ford* v. *State of New York*, 21 A D 2d 437); but he contends that in this case the order was void on its face. In presenting this argument, claimant asserts, first, that the order itself indicated that no criminal charge was pending and hence that it was apparent that no valid commitment to Matteawan could be made. This argument refers to the title or caption of the order which, whether by carry-over from prior papers in the action or otherwise, contained the words: "On Conviction by Confession. For Assault, 3rd degree. Ind. Filed May 21, 1945. No. 1045-45. Violation of Probation". We are unable to agree with the contention that this language indicated — and that the superintendent of the hospital was bound to recognize — that the indictment had been disposed of and that no criminal charge was pending. As was correctly held by Special Term in the habeas corpus proceeding: "The statute does not require any formal procedure relative to an alleged violation [of parole], save that the probationer be arraigned and be given the opportunity to be heard (sec. 935, Code of Criminal Procedure, cf. *People ex rel. Massengale* v. *McMann*, 8 A D 2d 645, cert. den. 361 U. S. 870). Once those conditions have been met, the court retains jurisdiction under section 470-a of the Code of Criminal Procedure to revoke probation and impose a new sentence (*People ex rel. Kern* v. *Silberglitt*, 3 A D 2d 996). In this case, the charge does not seem to have reached the stage of an arraignment." Additionally, the body of the order makes it abundantly clear, by repeated references, that defendant is being held upon a criminal charge and that disposition of the pending indictment has been suspended until he shall regain his sanity. Clearly, the State's agents were entitled to rely on these unequivocal statements. Further, claimant would have us find the order void for failure to set forth the details of the psychiatrists' report recited in the order or the fact and the details of any hearing had thereon. It would have been good practice, perhaps, to have recited some of the details suggested but it was not the function of the State's agents to explore these procedural steps upon which the order of a court of competent jurisdiction proceeded and claimant's brief cites no authority to the contrary. We find no conflict of any moment between the two separate provisions of the order dealing with the termination of claimant's hospital confinement; but the supposed conflict would not in any event void the order in the hands of the hospital authorities. Neither do we find any basis for claimant's contention that the order would have to be found by the superintendent to be void because a copy of the minutes of the proceedings to determine defendant's mental condition was not "furnished to said hospital", within the directory provisions of section 400 of the Correction Law. We find claimant's additional contentions insubstantial and not such as to require discussion. Order affirmed, without costs. Herlihy, Taylor, Aulisi and Staley, Jr., JJ., concur. [48 Misc 2d 673.]