■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DENNIS EUBANKS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated February 15, 1967, which, without a hearing, denied his application. Appeal dismissed. Defendant alleges that he was deprived of his right to the allocution provided by section 480 of the Code of Criminal Procedure. It is well settled that the remedy of *coram nobis* does not lie for an alleged failure to comply with section 480 (*People* v. *Sullivan*, 3 N Y 2d 196; *People* v. *Soviero*, 27 A D 2d 548; *People* v. *Kadin*, 23 A D 2d 699; see *People* v. *Koehler*, 30 A D 2d 547). Our decision in *People* v. *Sagistiano* (28 A D 2d 728) was not intended as a departure from the holding in *People* v. *Sullivan* (*supra*).— Beldock, P. J., Christ, Brennan, Rabin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE JOSEPH LYNCH, JR., Appellant.— Appeal by defendant from an amended judgment (cf. *People* v. *Ronald W.* [*Anonymous*], 21 N Y 2d 744) of the County Court, Suffolk County, rendered November 3, 1967, adjudicating him a probation violator and imposing a reformatory term not in excess of five years, the sentence specified in the original judgment which had been rendered by said court on April 15, 1966. Amended judgment reversed, on the law, and case remanded to said County Court for further proceedings not inconsistent herewith. The findings of fact below have not been considered on this appeal. Defendant was charged with having violated probation in that he had pleaded guilty to a charge of public intoxication. He had been placed on probation in 1966 under all the provisions of the then applicable section 932 of the Code of Criminal Procedure, which provided in part that the probationer abstain from the use of intoxicating beverages. Although defendant admitted the use of a limited amount of alcohol, his probation officer testified that he had advised defendant to avoid excessive use of alcohol. The record discloses that the court below felt that the conviction for public intoxication was proof of excessive use of alcohol. The conviction for public intoxication was subsequently vacated. It is unclear from the record whether the court below would have exercised its discretion and revoked probation had there not been such a conviction on the record. Under these circumstances, a new hearing is warranted. If so advised, the People may move to amend the charge to include any other conduct of defendant which has occurred since the hearing deemed to be a violation of probation. Defendant was also charged with having violated probation in that he had failed to avoid injurious or vicious habits. The specific charge, was that he had partaken of a certain drug, not under the direction of a physician. We are of the opinion that the properties of the drug to induce addiction should have been established by expert testimony. Accordingly, at the new hearing such charge should be sustained only by competent evidence. Beldock, P. J., Christ, Hopkins, Munder and Martuscello, JJ., concur.