█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK DUANE LEWIS, Appellant.— Appeal from a judgment of the County Court of Ulster County, rendered April 25, 1973, upon a verdict convicting defendant of the crimes of felony murder and manslaughter in the first degree. In the early morning hours of August 26, 1972 a passing motorist discovered 17-year-old Colleen Thurin along a highway adjacent to a secluded area not far from a tavern in the Town of New Paltz, Ulster County. Clad only in a shirt, her otherwise naked body exhibited signs of a severe beating. Police officers were summoned, to whom she related her experience of being raped and beaten. She was immediately transported by ambulance to a hospital in Kingston where she died on August 29, 1972. An autopsy established the cause of death as ruptured internal organs, internal bleeding and complications resulting from a blunt force, most probably produced by fists during a severe beating. Police investigation and examination of the scene recovered clothing and other items of property of the deceased, and interviews with various witnesses disclosed she was last seen leaving the local tavern in the company of the defendant. Also at the scene was found a medallion identified as the property of the defendant. Following his arrest pursuant to a parole violation warrant, he was advised of his *Miranda* rights. He stated he knew his rights and did not desire counsel, and was thereupon questioned about his connection with the deceased and their investigation of her rape complaint. The defendant admitted that he had been with the deceased, that they were drinking, that they left the bar together and that he thought he had hit her and hurt her, but otherwise his mind was a blank. At this point he was advised of the death of Colleen Thurin. Subsequently indicted upon two counts, murder and felony murder, he entered a plea of not guilty by reason of insanity (Penal Law, § 30.05). Motions to suppress defendant's statements have been denied. As grounds for reversal, defendant contends first, that during the course of the trial, testimony as to defendant's prior criminal record was improperly allowed in evidence, that the trial court abused its discretion by vacating a subpoena duces tecum directed at the Division of Parole, failed to compel the attendance of an expert witness subpoenaed

by defendant, and lastly, that statements of defendant obtained before the police informed him Colleen Thurin had died were improperly admitted into evidence. The conviction should be affirmed. Evidence as to defendant's prior criminal record and the nature of the crime for which he had previously been incarcerated were disclosed first by witnesses for the defense, namely, the chaplain at Wallkill prison and defendant's parole officer. Once the door had been opened, cross-examination could pursue any relevant inquiry directed toward those matters brought out on direct examination and the scope thereof rested solely in the sound discretion of the trial court, a discretion not to be disturbed unless abused (32 C. J. S., Evidence, § 548). We find no such abuse of discretion in the case at hand. The trial court was completely correct in vacating the subpoena duces tecum seeking to obtain access to defendant's parole records. (Cf. *Matter of Mailler [Louty]*, 11 Misc 2d 146; Correction Law, § 221; 7 NYCRR 2.1.) As to the failure of the subpoenaed psychiatrist to appear, it is clear from the minutes of the suppression hearing that his position was before the jury through the testimony of another psychiatrist who participated with him in an examination of defendant. Moreover, there were additional remedies available to defendant to compel the attendance of the witness (since the court had held him in contempt for failure to appear), which were not exercised (CPLR 2308; CPL 620.20 *et seq.*). Finally, defendant's argument that the circumstances surrounding his initial interrogation by police officers violated the spirit, if not the letter, of *Miranda* is not persuasive. There is no claim that the necessary warnings were not given to defendant at the time of his arrest. The fact that he was not advised of the death of Colleen Thurin at the time of his interrogation is not a sufficient basis to find any statement made by him involuntary (*People* v. *Pereira*, 26 N Y 2d 265, 268–269; *People* v. *Boone*, 22 N Y 2d 476, 483; *People* v. *McQueen*, 18 N Y 2d 337, 346; *People* v. *Caserino*, 16 N Y 2d 255, 259; cf. *People* v. *Solari*, 43 A D 2d 610). Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.