■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD H. ADAMS, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Kings County, rendered December 3, 1973, which (1) revoked defendant's probation and (2) resentenced him to a jail term of one year. Amended judgment reversed, on the law, and case remanded to Criminal Term for reconsideration of the charge of violation of probation in accordance herewith. On October 26, 1971 defendant pled guilty to attempted burglary in the third degree and was sentenced to a five-year term of probation. A hearing was subsequently held to determine whether he had violated the conditions of his probation. The trial court sustained three of the five specifications against him. His probation was revoked and the one-year sentence imposed. At the hearing, the sole witness to testify against defendant was one Ross Filipazzo, who testified on the basis of Department

of Probation records. Upon request, defendant's attorney was denied an opportunity to examine those records, for use in cross-examination, on the ground of their confidential nature (9 NYCRR 345.16). We believe that such denial constituted an abuse of discretion and operated to deprive defendant of any meaningful opportunity to cross-examine (see CPL 410.70, subd 3; *People v Turner,* 27 AD2d 141; cf. *People v Lewis,* 43 AD2d 989). The crucial distinction to be recognized here, as opposed to those "sentencing" cases in which access to presentence probation reports has been denied, is that a proceeding to revoke probation is both fact-finding and adversary in nature (see *People v Peace,* 18 NY2d 230, cert den 385 US 1032), with the Department of Probation being cast in the role of complainant and the court being called upon to determine whether any violation has occurred. The difference is substantial and must be carefully considered when weighing a defendant's right to cross-examine against claims of confidentiality. Under the present circumstances, it was improvident for the resentencing court to deny defendant such access, as the facts reveal that these records were a principal source of the information used to sustain the violation (see *People v Turner, supra;* cf. *People v Lewis, supra).* Even in cases in which the Department of Probation records are formulated into a presentence report, the Court of Appeals noted: "While fundamental fairness and indeed the appearance of fairness, may best be accomplished by disclosure of presentence reports, certain material which is confidential, destructive of rehabilitation, or inconsequential may properly be withheld. Aside from such material, it is expected that sentencing courts will make increasing use of their discretion to disclose presentencing reports" *(People v Perry,* 36 NY2d 114, 120). Rabin, Acting P. J., Hopkins, Christ and Munder, JJ., concur; Brennan, J., dissents and votes to affirm the amended judgment.