■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MACHIA, Appellant. — Appeal from a judgment of the County Court of Albany County

(Harris, J.), rendered August 25, 1981, which revoked defendant's probation and imposed a sentence of imprisonment. After a probation revocation hearing, County Court found that defendant had violated the terms of his probation, revoked his probation and resentenced him to a term of incarceration. The People do not dispute that the only evidence they introduced at the hearing was hearsay, but rather argue that such evidence was admissible and, thus, sufficient to support County Court's finding of a probation violation. The People are correct in their contentions that the strict rules of evidence are not followed at a probation violation hearing and that any relevant evidence not legally privileged may be received (CPL 410.70, subd 3). A finding of a probation violation, however, must be based upon a preponderance of the evidence (*id.*), which requires a residuum of competent legal evidence in the record (see *People v Usher,* 80 AD2d 730; *People v Lynch,* 31 AD2d 753; see, also, Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 410.70, p 153). Because the People's case rested entirely on hearsay, the record does not sufficiently support County Court's finding that defendant violated his probation. Judgment reversed, on the law, sentence of imprisonment vacated, and probation reinstated. Sweeney, J. P., Kane, Main, Casey and Mikoll, JJ., concur.