■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD D., Appellant. — Appeal by defendant from an amended judgment of the County Court, Nassau County (Goodman, J.), rendered January 25, 1983, which, after a hearing, revoked his sentence of probation, and sentenced him to a definite term of imprisonment of one year. ¶ Amended judgment reversed, on the law and the facts, defendant is restored to probation, and matter is remitted to the County Court, Nassau County, for further proceedings. ¶ Defendant was charged, *inter alia*, with violating a condition of his probation by failing to "avoid injurious or vicious habits" in that he was suspended from the Freeport Community Evening High School under circumstances described in a letter and deposition annexed to the notice of violation. The only competent evidence relating to the suspension which was received at the hearing consisted of testimony by defendant's probation officer that defendant had admitted that "he had asked a student for a pen or a pencil, that the English teacher strongly objected to his speaking out", and that "a verbal argument ensued" which defendant felt "was accelerated by the English teacher's attitude". ¶ This evidence did not constitute the residuum of competent legal evidence necessary to support the court's determination that defendant violated probation (see *People v Usher*, 80 AD2d 730; *People v Lynch*, 31 AD2d 753). Although it is not required that the " 'residuum of legal evidence' " should, independently of the " 'hearsay' " evidence, establish the violation, " '[t]here must be evidence setting forth facts of a probative character, outside of hearsay statements' ", to prove the violation (see *Matter of Altschuller v Bressler*, 289 NY 463, 469). Defendant's admissions merely corroborated his English teacher's statement, in a deposition which was introduced into evidence at the hearing, that defendant had an argument with the teacher, but did not in any way indicate that defendant's behavior was injurious or vicious. The only evidence indicating that defendant's acts were "injurious or vicious" was incompetent, although such evidence was properly admitted pursuant to CPL 410.70 (subd 3).

Since the legally competent evidence in the record was insufficient to support the court's determination, we hereby reverse the amended judgment that resentenced defendant upon a finding of a violation of probation, and restore him to probation. We further note that defendant should have been given notice that the facts underlying his suspension constituted grounds for violation of his probation. ¶ *Matter of Eagle v Paterson* (57 NY2d 831) and *People ex rel. Walker v New York State Bd. of Parole* (98 AD2d 33) are not to the contrary, as both concerned administrative proceedings (see, also, *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180, n). In accordance with statute, however, the hearing to be conducted on matters concerning the alleged violation of probation is a summary one, conducted by a court sitting without a jury, and a finding of a violation is required to be based upon a preponderance of the evidence adduced thereat (CPL 410.70, subd 3). Accordingly, notwithstanding the fact that the legal residuum rule has been stripped of its vitality in the context of administrative proceedings (see, e.g., *Matter of Eagle v Paterson, supra*), in our view, the determination to be made in a judicial proceeding such as the one at bar must nevertheless be supported by competent evidence appearing on the record considered as a whole (see *People v Lynch, supra;* see, also, *People v Usher, supra*). ¶ We have considered defendant's other arguments and find them to be without merit. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.