■ The People of the State of New York, Respondent, v Frank Kovarik, Appellant.—Appeal by defendant from an amended judgment of the County Court, Suffolk County (Rohl, J.), rendered December 14, 1983, which, after a hearing, adjudicated him to be in violation of probation and imposed a sentence of imprisonment. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he seeks to be relieved.

Amended judgment reversed, on the law and the facts, original judgment reinstated, and charges that defendant violated his probation dismissed. Assigned counsel's application to be relieved is deemed moot.

Defendant was charged with the commission of four offenses while on probation. While strict rules of evidence need not be followed at a probation violation hearing (CPL 410.70 [3]), a finding of probation violation must be based "upon a preponderance of the evidence * * * which requires a residuum of legally competent evidence in the record" (*People v Machia,* 96 AD2d 1113, 1114; *People v Todd D.,* 100 AD2d 595). The People's case cannot rest entirely on hearsay (*People v Machia, supra,* p 1114).

The only offense in the instant matter which did not rest entirely upon hearsay evidence was a charge of resisting arrest (Penal Law § 205.30). The arresting officer testified that defendant was sitting in the middle of the parking lot of the Road House Pub with one shoe on and one shoe off in an intoxicated condition and "rambling" and not making "any sense". When placed under arrest, defendant held his arms out, allegedly necessitating the help of "five" officers to cuff him. Although the question of whether defendant was so intoxicated as to be unable to form the requisite intent to be guilty of resisting arrest is ordinarily an issue for the trier of fact (*cf. People v Shapiro,* 96 AD2d 626, 627), the hearing court did not address this issue. We therefore reach this issue under our power to make factual determinations (CPL 470.15 [1]) and hold that the finding that defendant possessed the requisite intent was against the weight of the evidence (CPL 470.15 [5]). The remaining charges were unsupported by any legally competent evidence, and therefore the record does not support the finding that defendant violated his probation (*People v Machia, supra*). Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.