OPINION OF THE COURT
Judith Sheindlin, J.
The respondent was placed on probation in June 1986. In September 1986 the instant proceeding was commenced alleging that respondent had violated the conditions of his probation by shooting a person, causing physical injury. The violation of probation hearing preceded the trial on the new arrest.
*764 At the commencement of the hearing, wherein the Assistant District Attorney intended to call an eyewitness to the weapons and assault charges, the defense attorney moved for the production of Rosario material. (See, People v Rosario, 9 NY2d 286, rearg denied 9 NY2d 908, cert denied 368 US 866, rearg denied 14 NY2d 876, rearg denied 15 NY2d 765.) The Assistant District Attorney opposed the application. The issue presented is whether Rosario is applicable to hearings on probation violation.
This court rules that the defense is entitled to the Rosario material and that the Assistant District Attorney must furnish that material prior to cross-examination of the witness.
Family Court Act § 360.3 provides that the court may not revoke an order of probation without a hearing. The respondent is entitled to be represented by counsel and may cross-examine witnesses at the hearing. In People v Adams (47 AD2d 928 [2d Dept 1975]), the Appellate Division found that the trial court’s denial at a probation violation hearing of the defendant’s request to examine probation records for use in cross-examination of a witness who testified on the basis of those records operated to deprive defendant of any meaningful opportunity to cross-examine and constituted reversible error.
This rationale applies equally to a hearing on probation violation in a delinquency proceeding. The right to counsel includes the right to effective assistance of counsel, and the right to cross-examine includes a meaningful opportunity to cross-examine. Respondent would be denied effective assistance of counsel if his counsel were denied the opportunity to examine the material prior to cross-examination, as the cross-examination of the witness could well be affected by the results of an examination of the Rosario material.
The provisions of Family Court Act § 360.3 preserve important due process elements, including the right to counsel and to cross-examine witnesses. Consistent with preserving these rights and with the policy considerations articulated in Rosario (supra), this court holds that effective assistance of counsel warrants expanding the holding in People v Rosario to encompass probation violation proceedings.