■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TINA DAVIS, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Rockland County (Meehan, J.), rendered April 18, 1988, revoking a sentence of probation previously imposed by the same court, upon a finding that she had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon her previous conviction of assault in the second degree.

Ordered that the amended judgment is affirmed.

It is well established that a finding of a probation violation must be based " 'upon a preponderance of the evidence * * * which requires a residuum of legally competent evidence in the record' (People v Machia, 96 AD2d 1113, 1114; People v Todd D., 100 AD2d 595)" (People v Kovarik, 112 AD2d 170). Thus, the prosecution's case may not rest entirely on hearsay (see, People v Kovarik, supra; People v Machia, supra). Contrary to the defendant's position, the evidence adduced by the prosecution herein was not entirely hearsay but included the

testimony of a probation officer who had replaced the defendant's first probation officer and who stated that the defendant failed to report to her as directed on at least two occasions and that the defendant left the jurisdiction without permission. That officer also testified that the defendant failed to report a January 9, 1988 arrest in Albany to the probation office. In view of the foregoing, we conclude that the trial court's determination that the defendant violated the conditions of her term of probation was supported by a preponderance of the evidence.

We also conclude that the imposed sentence was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.