■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MINARD, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Dounias, J.), rendered February 23, 1989, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of burglary in the first degree.

Ordered that the amended judgment is affirmed.

It is well settled that "[a] hearing on a probation violation is a summary, informal procedure which does not require strict adherence to the rules of evidence; statutory and due process requirements are met so long as defendant is given formal notice of the charges and an opportunity to be heard and to confront the witnesses against him through cross-examination" *(People v Tyrrell,* 101 AD2d 946; CPL 410.70). The People have the burden of proving a violation by a preponderance of the evidence "which requires a residuum of competent legal evidence in the record" *(People v Machia,* 96 AD2d 1113, 1114; *see also, People v Davis,* 155 AD2d 610).

In this case, although the hearing court allowed testimony on matters not charged in the notice of violation, the People also produced competent and uncontradicted evidence supporting the charge in the notice of violation that the defendant was convicted of another crime while on probation. Proof of that conviction alone was sufficient to support the finding that the defendant had violated the terms and conditions of his probation *(see, People v Baucom,* 154 AD2d 688; *People v*

*Harris,* 145 AD2d 435). Thus, the defendant's contention that he was denied due process by the introduction of extraneous evidence is without merit, especially in view of the fact that he was given a full and fair opportunity to contest the charges against him *(see, People v Oskroba,* 305 NY 113; *People v Morton,* 142 AD2d 763; *People v Donato,* 112 AD2d 535; *People v Halaby,* 77 AD2d 717).

Moreover, upon the circumstances of this case, we find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.