■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RENNIE, Appellant.—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Tisch, J.), rendered March 31, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree.

Ordered that the amended judgment is affirmed.

It is well established that a finding of a probation violation must be based "upon a preponderance of the evidence * * * which requires a residuum of competent legal evidence in the record" *(People v Machia,* 96 AD2d 1113, 1114; CPL 410.70 [3]; *People v Yutesler,* 177 AD2d 732; *People v Davis,* 155 AD2d 610; *People v Kovarik,* 112 AD2d 170; *People v Todd D.,* 100 AD2d 595). At the hearing, both the complainant and another witness testified that they saw the defendant outside the complainant's home in violation of the court's protective order issued at the time of original sentencing. In view of the foregoing, we conclude that the court's determination that the defendant violated the conditions of his probation was supported by a preponderance of the evidence. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.