■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KITTO PARK, Appellant. [612 NYS2d 938] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Appelman, J.), rendered March 26, 1993, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree.

Ordered that the amended judgment is affirmed.

The defendant never filed a notice of appeal from the judgment of conviction, rendered June 29, 1990, upon the entry of his plea of guilty, therefore, his claims that the court erred in denying him youthful offender status and in denying his motion to withdraw his plea of guilty, are not properly before this Court *(see,* CPL 450.30, 460.30; *People v Johnson,* 69 NY2d 339). If these claims were properly before us, we would find that there is no merit to the defendant's contentions *(see,* CPL 720.20; *People v Miller,* 42 NY2d 946; *People v De Gaspard,* 170 AD2d 835; *People v Jenkins,* 90 AD2d 854; *People v Zikuski,* 65 AD2d 905; *People v Drayton,* 47 AD2d 952, *affd* 39 NY2d 580).

The defendant's claim that the violation of probation hearing was totally based on hearsay evidence is not preserved for appellate review. In any event, these hearings are summary in nature and the court may receive any relevant evidence not legally privileged *(see,* CPL 410.70 [3]). The testimony of the probation officer who supervised the defendant from April 1991 until the hearing in March 1993 clearly established more

than " 'a residuum of competent legal evidence in the record' " *(People v Rennie,* 190 AD2d 830). Moreover, we find that the sentence was not harsh or excessive. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.