■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN RAMOS, Appellant. [648 NYS2d 449] —Appeal by the defendant from (1) an amended judgment of the Supreme Court, Queens County (Joy, J.), rendered January 9, 1992, revoking a sentence of probation previously imposed by the same court (Beerman, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree under Indictment No. 22/90, (2) a judgment of the same court (Joy, J.), rendered July 10, 1992, convicting him of criminal possession of a weapon in the third degree and resisting arrest under Indictment No. 2831/90, upon his plea of guilty, (3) a judgment of the same court, also rendered July 10, 1992, convicting him of robbery in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree under Indictment No. 7551/90, upon his plea of guilty, and (4) a judgment of the same court, also rendered July 10, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Indictment No. 13813/90, upon his plea of guilty, and imposing sentences.

Ordered that the amended judgment and the judgments are affirmed.

A finding of a violation of probation must be based upon a preponderance of the evidence *(see,* CPL 410.70 [3]), " 'which requires a residuum of competent legal evidence in the record' " *(People v Rennie,* 190 AD2d 830, quoting *People v Machia,* 96 AD2d 1113, 1114). Although it is not required that the "residuum of legal evidence" establish the violation indepen-

dently from the hearsay evidence, " ' "[t]here must be evidence setting forth facts of a probative character, outside of hearsay statements" ' " *(People v Tood D.,* 100 AD2d 595). As such, the People's case cannot rest entirely on hearsay *(see, People v Kovarik,* 112 AD2d 170; *People v Machia,* 96 AD2d 1113, 1114, *supra).*

Here, contrary to the defendant's contention, the People did present some non-hearsay evidence which supported the court's determination that he had violated the terms of his probation by selling narcotics to an undercover police officer. The People presented the testimony of the arresting police officer, a Detective Costello, who testified that he had recovered pre-recorded money from the defendant upon his arrest. Detective Costello further testified that this was the same money which he himself had given to the undercover officer at the outset of the buy-and-bust operation. Although the remainder of the People's case consisted of hearsay evidence, these two aspects of Detective Costello's testimony constitute the requisite residuum of competent legal evidence supporting the court's determination.

By pleading guilty before the Supreme Court had rendered a decision on his suppression motion, the defendant has forfeited his right to appellate review of this issue *(see, People v Fernandez,* 67 NY2d 686; *People v Dunn,* 218 AD2d 814; *People v Britton,* 208 AD2d 761). Similarly, the defendant's challenge to the sufficiency of the evidence presented to the Grand Jury has been waived as a consequence of his pleas of guilty *(see, People v Dunbar,* 53 NY2d 868, 871; *People v Kazmarick,* 52 NY2d 322, 326).

Since it is theoretically possible to commit robbery in the second degree, as defined by Penal Law § 160.10 (1), without concomitantly committing assault in the second degree, as defined by Penal Law § 120.05 (6), the latter is not a lesser-included offense of the former *(see, People v Ramirez,* 55 NY2d 708, 710). O'Brien, J. P., Copertino, Pizzuto and Hart, JJ., concur.