■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD DONOHUE, Appellant. [727 NYS2d 443] —Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Spinner, J.), rendered June 11, 1999, revoking a sentence of probation previously imposed by the same court (Weissman, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence upon his previous conviction of attempted burglary in the second degree (two counts).

Ordered that the amended judgment is affirmed.

The defendant was charged with violating the conditions of his sentence of probation based on conduct that occurred from December 1997 to February 1999. The sole witness at his probation revocation hearing was the probation officer who supervised him from August 1998 through the date of the hearing. The County Court sustained those charges which were based on conduct that occurred after the witness began supervising the defendant.

On appeal, the defendant contends that he was denied due process by the court's refusal to require the People to produce notes made by the witness and the defendant's former probation officers which were contained in the Department of Probation record. Although prior statements of witnesses at a probation revocation hearing concerning the subject of their testimony should be disclosed in order to afford a defendant a meaningful opportunity to conduct cross-examination (see, People v Mitchell, 201 AD2d 507), the defendant failed to establish a due process violation. The record does not establish that the witness made any notes, and the defendant did not specifically argue at the hearing that undisclosed notes by this witness existed which precluded him from conducting an effective cross-examination.

Furthermore, under the circumstances of this case, any error by the County Court in failing to require the People to produce the notes of the defendant's former probation officers was harmless. The notes were not "a principal source of the information used to sustain the violation" (People v Adams, 47 AD2d 928, 929) since the County Court's finding was based solely on events that occurred while the defendant was under the supervision of the officer who testified at the hearing and who was subject to cross-examination.

The sentence imposed was not excessive. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.