■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL MALDONADO, Appellant. [843 NYS2d 415]—

Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 13, 2005, revoking a sentence of probation previously imposed by the same court (Marrero, J.), dated January 7, 2003, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of aggravated unlicensed operation of a motor vehicle in the first degree.

Ordered that the amended judgment is affirmed.

A sentence of probation may be revoked after a summary hearing on a violation of probation if the hearing court concludes that the defendant has violated a condition of his sentence (see CPL 410.70 [3]). A finding of a violation of proba-

tion must be based upon a preponderance of the evidence "which requires a residuum of competent legal evidence in the record" (*People v Rennie*, 190 AD2d 830 [1993]; *see People v Yutesler*, 177 AD2d 732 [1991]).

The Supreme Court properly found, based upon a preponderance of the evidence, that the defendant violated a condition of his probation by knowingly operating a motor vehicle with a suspended license. Contrary to the defendant's contention, the admission of a certified copy of his New York State Department of Motor Vehicles driver abstract (hereinafter the DMV abstract) did not implicate the Confrontation Clause under the Sixth Amendment of the United States Constitution (*see Crawford v Washington*, 541 US 36 [2004]), because a probation revocation hearing is not a criminal prosecution (*see generally Gagnon v Scarpelli*, 411 US 778, 782 [1973]; *People v Horvath*, 37 AD3d 33, 37 [2006]). In addition, the DMV abstract was properly admitted under the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *Crawford v Washington*, 541 US 36 [2004]; *People v Carney*, 41 AD3d 1239 [2007]; *cf. People v Pacer*, 6 NY3d 504, 510 [2006]).

Moreover, the minutes of the October 23, 2002, plea hearing on his underlying conviction of aggravated unlicensed operation of a motor vehicle in the first degree demonstrated that the defendant was duly advised at the hearing that his license automatically would be suspended as a consequence of his plea and would remain so until he cleared all his tickets (*cf. People v Pacer*, 6 NY3d 504, 510 [2006]). The DMV abstract demonstrated that having failed to do so, his license was still suspended. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.