■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ALMONTE, Appellant. [855 NYS2d 209]—

Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Holdman, J.), rendered January 9, 2007, revoking a sentence of probation previously imposed by the same court (Collini, J.), upon a finding that he violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.

Ordered that the amended judgment is reversed, on the law, the sentence of imprisonment is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

CPL 410.70 (1) provides that a court "may not revoke a sentence of probation . . . unless (a) the court has found that the defendant has violated a condition of the sentence and (b) the defendant has had an opportunity to be heard." While "the strict rules of evidence are not followed" at a probation revocation hearing (*People v Machia,* 96 AD2d 1113, 1114 [1983]; *see People v Spady,* 25 AD3d 881, 882 [2006]), a finding of a violation of probation must be based upon a preponderance of the evidence "which requires a residuum of competent legal evidence in the record" (*People v Rennie,* 190 AD2d 830, 830 [1993] [internal quotation marks omitted]; *see* CPL 410.70 [3]; *People v Maldonado,* 44 AD3d 793, 793-794 [2007], *lv denied* 9 NY3d 1035 [2008]). The People's case cannot rest entirely on hearsay (*see People v Kovarik,* 112 AD2d 170 [1985]).

As correctly conceded by the People, a probation revocation

hearing, pursuant to CPL 410.70, is required herein. At the proceeding conducted on January 9, 2007 no testimony was adduced (*cf. People v Etheridge*, 46 AD3d 835 [2007]; *People v Shabazz*, 12 AD3d 782, 783 [2004]; *People v Shaffer*, 289 AD2d 423 [2001]; *People v Morales*, 178 AD2d 562 [1991]). Instead, the People relied upon certain assertions and updates advanced by a representative of the Department of Probation. Further, the defendant was not permitted the opportunity to be heard prior to the court's determination to revoke the sentence of probation. Additionally, there is no indication in the record as to whether the defendant received prior notice of an "added specification" which was provided to the court by the representative of the Department of Probation at the aforementioned proceeding. Thus, this matter must be remitted to the Supreme Court, Kings County, for a probation revocation hearing pursuant to CPL 410.70.

In light of the foregoing, we need not consider the defendant's remaining contentions. Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.