■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WASHINGTON, Appellant. [869 NYS2d 557]—

Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Sullivan, J.), rendered May 31, 2006, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree.

Ordered that the amended judgment is affirmed.

Contrary to the defendant's contention, his constitutional right to due process was not violated by the admission of hearsay statements made to the police and hospital personnel by the assault victim, who did not testify at the probation revocation hearing. "[A] hearing on a probation violation is a summary, informal procedure which does not require strict adherence to the rules of evidence" (*People v Minard*, 161 AD2d 607, 607 [1990]; *People v Tyrrell*, 101 AD2d 946 [1984]; *People v Ebert*, 18 AD3d 963, 964 [2005]), and hearsay evidence is admissible (*see* CPL 410.70 [3]). Moreover, the admission of the assault victim's hearsay statements to the police did not implicate the Confrontation Clause of the Sixth Amendment because a proba-

tion revocation hearing is not a criminal prosecution (*see People v Maldonado*, 44 AD3d 793 [2007]). Furthermore, the court's determination that the defendant violated the terms of his probation by committing a new offense was based "upon a preponderance of the evidence which requires a residuum of competent legal evidence in the record" (*People v Matula*, 258 AD2d 670, 670-671 [1999]; *see People v Franco*, 267 AD2d 399 [1999]; *People v Park*, 203 AD2d 596 [1994]). Rivera, J.P., Lifson, Miller and Eng, JJ., concur.