■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNATHAN PADWORSKI, Also Known as GERALD DAVIS, Appellant. [880 NYS2d 486]—

Judgment of resentence, Supreme Court, New York County (Carol Berkman, J.), rendered May 23, 2007, convicting defendant of violation of probation, revoking his prior sentence of probation and resentencing him to a term of 1⅓ to 4 years, unanimously reversed, on the law, the conviction of violation of probation vacated, defendant's probationary status reinstated with respect to this indictment, and the matter remitted for further proceedings on the violation of probation.

A court "may not revoke a sentence of probation . . . unless (a) the court has found that the defendant has violated a condition of the sentence and (b) the defendant has had an opportunity to be heard" (CPL 410.70 [1]). In addition to this statutory right, a person charged with violation of probation has a constitutional right to dispute the existence of the violation or to present a justifiable excuse (*see Black v Romano*, 471 US 606, 612 [1985]). The proceedings of August 16 and

September 13, 2006 did not provide defendant with a meaningful opportunity to dispute the alleged violation of probation based on his August 2004 conviction (*see People v Oskroba*, 305 NY 113, 117 [1953]; *People v Almonte*, 50 AD3d 696 [2008]). While CPL 410.70 (3) provides for a summary hearing, it does not permit a summary denial of any hearing. Rather than asking defendant whether he wished to make any statement with respect to the violation (*see* CPL 410.70 [2]), the court refused to permit him to complete the statement he was clearly seeking to make. Defendant cannot be faulted for failing to explain why he was not in violation of his probation, since the court prevented him from doing so. Concur—Gonzalez, P.J., Sweeny, Buckley, Renwick and Freedman, JJ.