■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARAB RAMLALL, Appellant. [882 NYS2d 492]—

Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Wong, J.), rendered June 26, 2008, revoking a sentence of probation previously imposed by the same court (Mullings, J.), upon a finding that he had violated conditions thereof, upon his partial admission and after a hearing, and imposing a determinate term of two years' imprisonment and two years' post-release supervision upon his previous conviction of criminal possession of a controlled substance in the fourth degree.

Ordered that the amended judgment is modified, as a matter of discretion and in the interest of justice, by reducing the term of imprisonment imposed upon the defendant's previous conviction of criminal possession of a controlled substance in the fourth degree to a definite term of one year, and vacating the term of post-release supervision; as so modified, the amended judgment is affirmed.

A finding of a violation of probation must be based upon the preponderance of the evidence (*see* CPL 410.70 [3]; *People v Maldonado*, 44 AD3d 793, 794 [2007]; *People v Mikulski*, 225 AD2d 563 [1996]). Contrary to the defendant's contention, the Supreme Court properly found, based upon a preponderance of the evidence presented at a hearing, that he violated the conditions of his probation by failing to comply with his probation officer's directive to appear for drug testing on two occasions. Moreover, prior to the hearing, the defendant admitted that he had violated a condition of probation by failing to report for an employment referral appointment.

However, under the circumstances of this case, the sentence imposed upon the revocation of the defendant's probation was excessive to the extent indicated (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.