# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1285**

**KA 11-00859**

PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

BRIAN C., DEFENDANT-APPELLANT.

---

GENESEE VALLEY LEGAL AID, GENESEO (KELLEY PROVO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from an adjudication of the Livingston County Court (Dennis S. Cohen, J.), rendered March 17, 2011. The adjudication revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the adjudication so appealed from is unanimously affirmed.

Memorandum: Defendant was adjudicated a youthful offender based upon his plea of guilty of attempted criminal contempt in the first degree (Penal Law §§ 110.00, 215.51 [b] [v]), a class A misdemeanor, and was sentenced to three years of probation. On appeal from an adjudication revoking the sentence of probation and sentencing him to one year of incarceration, defendant contends that the People failed to establish by a preponderance of the evidence that defendant violated the terms and conditions of his probation. We reject that contention (*see* CPL 410.70 [1], [3]; *People v Maldonado*, 44 AD3d 793, 793-794, *lv denied* 9 NY3d 1035).

Two conditions of defendant's probation were that he must not commit further crimes or offenses and must not possess mood-altering substances without a prescription. Defendant's father found two pills on defendant's person and, after a pat search, a police officer found in defendant's pocket a package labeled "Manhattan Spice." County Court properly determined, based upon a preponderance of the evidence, that defendant violated the terms and conditions of his probation. Although there was no expert testimony with respect to the pills, nor was testing performed on the pills, both the police officer who conducted the pat search and a probation supervisor testified that, based upon their training and experience, the pills that were received in evidence were Adderall, and one of the pills was labeled to that effect. The probation supervisor testified that defendant did not

have a prescription for Adderall.  The police officer testified that Manhattan Spice was a legal, mind-altering drug, and the labeled package of that drug was admitted in evidence.

We also reject defendant's contention that his sentence is illegal.  Because defendant was adjudicated a youthful offender under CPL 720.20 (1) (a), the six-month limitation in Penal Law § 60.02 (1) did not apply and he was properly sentenced to one year of imprisonment (*see* § 70.15 [1]).

Entered:  December 21, 2012                      Frances E. Cafarell
                                                 Clerk of the Court