OPINION OF THE COURT
Memorandum.
Ordered that the amended judgment of conviction is affirmed.
On April 3, 2009, defendant was convicted, upon his plea of guilty, of driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and was sentenced to three years’ probation. On April 1, 2012, defendant’s probation officer executed a violation of probation report in which he stated that defendant had, among other things, failed to report to probation on numerous dates, failed to refrain from consorting with disreputable persons, and failed to avoid injurious or vicious habits. On April 2, 2012, the probation officer filed a declaration of delinquency against defendant {see CPL 410.30). Thereafter, defendant moved to dismiss the “Violation of Probation Proceeding” on the ground that the Justice Court had no jurisdiction over the matter because the period of probation had expired before the declaration of delinquency had been filed. The motion was denied. Following a hearing, the Justice Court determined that defendant had violated conditions of his probation, revoked his sentence, and resentenced defendant to six months’ incarceration.
On appeal, defendant contends that the Justice Court lacked jurisdiction to hear the matter because the declaration of delinquency had been filed after his period of probation had expired since this period had been reduced by the time he spent in jail prior to being sentenced on April 3, 2009. While defendant cites People v Zephrin (14 NY3d 296 [2010]) in support of this contention, that case is not dispositive. In Zephrin, the Court of Appeals held that when a “split sentence,” i.e., a term of imprisonment combined with a term of probation or conditional discharge, is imposed pursuant to Penal Law § 60.01 (2) (d), a defendant is entitled to receive credit towards his probationary term for any time spent incarcerated prior to sentencing. However, in the case at bar, since defendant did not receive a split sentence of incarceration and probation, but was sentenced to probation only, he is not entitled to receive any credit for the time he was incarcerated prior to sentence. Inasmuch as de *25 fendant was sentenced to three years’ probation on April 3, 2009, his probationary period continued through April 2, 2012 (see Penal Law § 65.15) and, therefore, the declaration of delinquency filed on April 2, 2012 was timely. Consequently, the court had jurisdiction over the matter.
A review of the record indicates that defendant was afforded all of the procedural safeguards required (see CPL 410.10, 410.30, 410.70) and that his violation of probation was established by a preponderance of the evidence (see People v Almonte, 50 AD3d 696 [2008]; People v Maldonado, 44 AD3d 793, 793-794 [2007], lv denied 9 NY3d 1035 [2008]; People v Rennie, 190 AD2d 830 [1993]; see also Black v Romano, 471 US 606 [1985]; Gagnon v Scarpelli, 411 US 778 [1973]). Furthermore, we note that, under the circumstances presented, the resentence imposed was not excessive.
Accordingly, the amended judgment of conviction is affirmed.
Nicolai, EJ., LaSalle and Mabano, JJ., concur.