THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD D. STAHL, Appellant. [977 NYS2d 903]—

A finding of a violation of probation must be based upon a preponderance of the evidence (*see* CPL 410.70 [3]; *People v Maldonado*, 44 AD3d 793, 794 [2007]; *People v Mikulski*, 225 AD2d 563 [1996]). Contrary to the defendant's contention, the Supreme Court properly found, based upon a preponderance of the evidence presented at the hearing, that he had violated the conditions of his probation by being in a location where persons under the age of 18 were likely to congregate without permission from his probation officer, possessing a laptop computer which had not been made known to the probation department, being in possession of "sexually oriented or sexually stimulating material" on that computer, and failing to successfully complete a sex offender treatment program. Accordingly, the County Court properly revoked the defendant's sentence of probation and imposed sentences of imprisonment (*see People v Wheeler*, 99 AD3d 1168, 1170 [2012]). Eng, P.J., Skelos, Dillon and Sgroi, JJ., concur.