People v Williams (2018 NY Slip Op 05876)





People v Williams


2018 NY Slip Op 05876


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-01626
2016-01628
 (Ind. No. 42/02, S.C.I. No. 225/02)

[*1]The People of the State of New York, respondent,
v
Lottice Williams, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two amended judgments of the County Court, Dutchess County (Stephen L. Greller, J.), both rendered December 16, 2015, revoking two sentences of probation previously imposed by the same court (Gerald V. Hayes, J.), upon a finding that she violated conditions thereof, after a hearing, and imposing terms of imprisonment upon her previous convictions of welfare fraud in the third degree under Indictment No. 42/02, and criminal possession of a forged instrument in the second degree under Superior Court Information No. 225/02.
ORDERED that the amended judgments are affirmed.
The CPL provides for a fact-finding hearing upon a declaration of probation delinquency at which the defendant is entitled to counsel and may cross-examine witnesses and present evidence (see CPL 410.70[1], [3]-[4]; People v Donohue, 283 AD2d 586; People v Adams, 47 AD2d 928, 928-929). However, " [a] hearing on a probation violation is a summary, informal procedure which does not require strict adherence to the rules of evidence'" (People v Washington, 55 AD3d 933, quoting People v Minard, 161 AD2d 607; see People v Almonte, 50 AD3d 696; People v Tyrell, 101 AD2d 946; Whitree v State of New York, 26 AD2d 720, 721).
Here, the County Court properly took judicial notice of its own file indicating that the maximum dates of expiration of the defendant's probation obligations had been extended (People v Sanders, 112 AD3d 748, 749-750, affd 25 NY3d 337). Contrary to the defendant's contention, the evidence presented at the hearing supports the conclusion that the defendant violated the conditions of her probation by, inter alia, failing to report to probation, engaging in criminal behavior, and failing to pay restitution as ordered. Thus, even if the defendant could establish on this record that she was improperly denied access to evidence, the error would be harmless in light of the undisputed evidence establishing that she violated the conditions of her probation (see People v Sacco, 44 AD3d 1076, 1077; see also People v Donohue, 283 AD2d 586).
Upon finding that the defendant violated a condition of her probation, the County Court was authorized to revoke probation and sentence the defendant to authorized terms of imprisonment (see CPL 410.70[5]; People v Beach, 118 AD3d 905; People v Armstrong, 60 AD3d [*2]779; People v Hobson, 43 AD3d 1179, 1180). Contrary to the defendant's contention, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court