People v Picciochi (2019 NY Slip Op 06802)





People v Picciochi


2019 NY Slip Op 06802


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-09453

[*1]The People of the State of New York, respondent,
v
Thomas Picciochi, appellant. (S.C.I. No. 1455/13)


Raiser & Kenniff, P.C., Mineola, NY (Steven M. Raiser and Nipun Marwaha of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia Kucera, Guy Arcidiacono, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered July 25, 2018, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of sexual abuse in the first degree.
ORDERED that the amended judgment is reversed, on the law, the finding of a violation of a condition of probation is vacated, and the violation of probation petition is dismissed.
The defendant was charged by superior court information with crimes including sexual abuse in the first degree, pertaining to three alleged victims. On March 20, 2014, the defendant pleaded guilty to one count of sexual abuse in the first degree in exchange for a promised sentence of six months in jail and a period of probation. The charge to which the defendant pleaded guilty pertained to the victim "TN."
Thereafter, the defendant was charged, inter alia, with violating a condition of probation by failing to accept responsibility for alleged acts towards another individual, "KR." The conditions of the defendant's probation required him to take "responsibility for the acts for which [he had] been convicted and for any acts that ha[d] been incorporated into a plea agreement that did not result in conviction." After a hearing, the County Court determined that the defendant violated his probation by refusing to take responsibility in sex offender treatment for alleged acts against "KR." Subsequently, the County Court revoked the sentence of probation and imposed a sentence of imprisonment on the previous conviction of sexual abuse in the first degree.
"A finding of a violation of probation must be based upon a preponderance of the evidence" (People v Stahl, 113 AD3d 640, 641; see CPL 410.70[3]; People v Barnes, 159 AD3d 1001, 1002; People v Maldonado, 44 AD3d 793, 793-794). Here, the People did not establish that, as a condition of probation, the defendant was required to take responsibility for alleged acts against "KR." Any such conduct as to "KR" was not an "act[ ] for which [the defendant had been] convicted" or an act that was "incorporated into a plea agreement." Therefore, the People did not [*2]show by a preponderance of the evidence that the defendant violated a condition of probation based on his alleged refusal to take responsibility for any acts pertaining to "KR." Accordingly, we disagree with the County Court's determination that the People established a violation of probation, and revoking probation based on that alleged violation (see People v Dettelis, 137 AD3d 1722; see also People v Brooks, 171 AD3d 778).
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court