People v Herring (2019 NY Slip Op 09287)





People v Herring


2019 NY Slip Op 09287


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-13103
 (Ind. No. 15-00590)

[*1]The People of the State of New York, respondent,
v
Walter Herring, appellant.


Samuel S. Coe, New City, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered September 17, 2018, revoking a sentence of probation previously imposed by the same court upon a finding that he violated conditions thereof, after a hearing, and imposing a term of imprisonment of 6½ years followed by 2 years of postrelease supervision upon his previous conviction of criminal sale of a controlled substance in the third degree.
ORDERED that the amended judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to a term of imprisonment of 2½ years followed by 2 years of postrelease supervision; as so modified, the amended judgment is affirmed.
The defendant pleaded guilty to criminal sale of a controlled substance in the third degree. As a condition of his plea, he waived his right to appeal. On December 13, 2016, the County Court sentenced the defendant to a term of imprisonment of six months plus a period of probation of five years. On or about March 21, 2018, a petition alleging a violation of probation was filed, wherein it was alleged that the defendant violated certain conditions of his probation. At the conclusion of a revocation of probation hearing, the court found that the defendant had violated conditions of his probation by being subsequently arrested and then indicted for attempted murder, and by using marijuana. The court revoked the defendant's prior sentence and imposed a sentence of a term of imprisonment of 6½ years followed by 2 years of postrelease supervision.
The CPL provides for a fact-finding hearing upon a declaration of probation delinquency at which the defendant is entitled to counsel and may cross-examine witnesses and present evidence (see CPL 410.70[1], [3], [4]; People v Donohue, 283 AD2d 586; People v Adams, 47 AD2d 928). However, " [a] hearing on a probation violation is a summary, informal procedure which does not require strict adherence to the rules of evidence'" (People v Washington, 55 AD3d 933, 933, quoting People v Minard, 161 AD2d 607). "A finding of a violation of probation must be based upon a preponderance of the evidence" (People v Stahl, 113 AD3d 640, 641; see CPL 410.70[3]; People v Maldonado, 44 AD3d 793), which requires that there be "a residuum of [*2]competent legal evidence in the record" (People v Franco, 267 AD2d 399, 399; see People v Park, 203 AD2d 596). However, the People's case cannot rest entirely on hearsay (see People v Kovarik, 112 AD2d 170).
Here, the defendant correctly contends that the County Court erred in finding that he violated the condition of his probation prohibiting him from committing any additional crime, offense, or violation based solely on his arrest and indictment for attempted murder. While the court would have been permitted to take judicial notice of the defendant's subsequent indictment for attempted murder (see People v Williams, 164 AD3d 845), that evidence was presented after the close of evidence at the revocation of probation hearing. The defendant had no opportunity to be heard regarding the indictment and related documents relied upon by the court. Accordingly, the court should not have found that the defendant violated the condition of his probation based upon the commission of a new crime (see People v Songa, 132 AD3d 1071, 1072-1073; People v Padworski, 63 AD3d 558; People v Almonte, 50 AD3d 696, 697).
The defendant does not challenge the County Court's finding that he violated the condition of his probation prohibiting the use of, inter alia, marijuana. Upon a finding that the defendant has violated a condition of probation, the court is authorized to revoke probation and sentence the defendant for the original crime (see CPL 410.70[5]; People v Barnes, 159 AD3d 1001). Confining our consideration to only the violation of probation that was established, the enhanced sentence should be reduced to the extent indicated herein.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court