## (July 28, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK M. LANAHAN, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Harris, J.), rendered December 8, 1980, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the third degree, and (2) by permission, from an order of said court, entered December 28, 1981, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing. Defendant first

contends that his warrantless arrest was made by the police without probable cause. We disagree. A Colonie resident, aware that his neighbors were out of town, observed an unfamiliar car in front of the neighbors' house after dark and later saw two men emerge from the neighbors' backyard carrying something, which they put into the car. When the car drove off without turning on its lights, he followed in his own vehicle to get the license number. He hailed a passing police car and was relating the events to the officer when the car went by. The officer followed in the patrol car to the parking lot of a Holiday Inn, where the occupants of the vehicle fled on foot. The officer radioed for assistance, giving a description of the events and the car's occupants, and defendant was arrested shortly thereafter in the woods behind the Holiday Inn by the officer who responded to the call. Since the first officer was able to observe the vehicle and its occupants and, therefore, corroborate details relayed to him by the Colonie resident-informant, the informant's reliability was sufficiently established (*People v Elwell,* 50 NY2d 231, 237). The informant's information, indicating that the occupants of the vehicle had been engaged in suspicious activity, together with their attempt to flee when they were followed by the police vehicle, provided the police with sufficient knowledge to constitute probable cause (*People v Schneider,* 58 AD2d 817, cited with approval in *People v Howard,* 50 NY2d 583, 592). Defendant next maintains that the testimony of his codefendant, Hepelle, should have been suppressed as the "fruit of the poisonous tree", since the police learned Hepelle's identity through questioning of defendant in violation of defendant's right to counsel. While we reject the People's claim that defendant failed to raise the issue in his pretrial motion papers, we find defendant's argument lacking in merit. There can be little doubt that the custodial interrogation of defendant after his attorney had advised the police that he represented defendant violated defendant's right to counsel (*People v Hobson,* 39 NY2d 479). However, defendant's girlfriend, the owner of the vehicle involved in the crime, testified that defendant left her presence about an hour before the vehicle was first observed by the informant and that the defendant was accompanied by Hepelle. Accordingly, the unlawful questioning of defendant was not the sole source of the police knowledge of the identity of defendant's companion. Moreover, Hepelle's testimony came after he pleaded guilty to a reduced charge for his participation in the crime. Under these circumstances, we find no error in the failure to exclude Hepelle's testimony (see *People v McGrath,* 46 NY2d 12, 28, cert den 440 US 972; see, also, *People v Graham,* 39 NY2d 775). Defendant argues that the trial court erred in denying without a hearing his motion challenging the jury panel. To succeed on a challenge to the jury panel pursuant to CPL 270.10, defendant was required to submit proof sufficient to establish the existence of intentional and systematic discrimination in the jury selection process (*People v Parks,* 41 NY2d 36, 43). To warrant a hearing on the issue, defendant must demonstrate facts constituting the basis of the challenge (*People v Liberty,* 67 AD2d 776). In addition to evidence that the mechanism used in the selection process could result in systematic exclusion of the class, there must be proof that in actual application the mechanism has resulted in particular instances in the systematic exclusion of the class (*People v Parks, supra,* p 44). Defendant failed to submit direct evidence of actual underrepresentation of the class in the jury panels and, therefore, the trial court properly denied his motion. In his postconviction motion, defendant claimed, *inter alia,* that the judgment should be vacated since, contrary to the police officer's testimony at trial, police records show that at the time of his arrest defendant was not wearing a blue denim jacket containing several items of stolen property. The record reveals that defendant was or should have been aware of the inconsistency at a time when he could have presented the issue to the jury and preserved it for direct appellate review. Accordingly, the trial court properly denied his motion (CPL

440.10, subd 3, par [a]), particularly since the issue was a collateral one, relating only to whether defendant was an active or passive participant in the crimes. We have considered the other arguments advanced by defendant on these appeals and find them lacking in merit. The judgment of conviction and order denying the defendant's motion to vacate the judgment should be affirmed. Judgment and order affirmed. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.