■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO DAVIS, Appellant. — Harvey, J. Appeal from a judg-

ment of the County Court of Albany County (Harris, J.), rendered May 4, 1983, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a controlled substance in the third degree.

At approximately 6:30 P.M., on August 19, 1982, Detective Bruce Johnson and Officer John Tanchak, members of the Albany Police Department's narcotics enforcement unit, were informed by their desk officer that an anonymous informant had called stating that a black male named Lorenzo was in a building at 37 Morton Avenue in the City of Albany selling heroin and that he was driving a silver rental car which was parked in front of the location, the license number of which was identified by the informant. Arriving at 37 Morton Avenue, Johnson observed defendant leaving the building and approaching the sidewalk. Johnson recognized defendant as Lorenzo Davis, whom he had previously arrested on a bench warrant. He was also a person generally believed by law enforcement agencies to be involved with the narcotics traffic in the City of Albany.

From a distance of approximately three feet, Johnson, a narcotics officer with 11 years of experience and more than 50 drug arrests to his credit, observed defendant holding a glassine bag in his hand. Believing that the glassine bag contained illicit drugs, Johnson declared, "Lorenzo, you're under arrest for the glassine bag in your hand." In response, defendant turned, put the bag in his mouth and started to run. The officers gave chase and caught defendant approximately 50 feet away. They then took him to the station, with Johnson holding his arm around defendant's throat to prevent him from swallowing the bag. About five minutes after arriving at the station, defendant opened his mouth and allowed Johnson to extract what was ultimately determined to be heroin contained in one or more glassine bags.

Criminal charges were brought against defendant as a result of this incident. At the suppression hearing which ensued, defendant's counsel requested a *Darden* hearing for the purpose of determining the reliability and identity of the informant. County Court ruled that a *Darden* hearing was unnecessary. Defendant's motion to suppress the drugs seized from him was denied.

After plea bargaining, defendant entered a plea of guilty of criminal possession of a controlled substance in the third degree in full satisfaction of the three-count indictment against him. Thereafter, defendant was sentenced as a predicate felon to an indeterminate prison sentence of 10 to 20 years. This appeal ensued.

The principal contention raised on appeal is based upon County Court's denial of the suppression motion. Defendant contends that there was no probable cause for the arrest and the subsequent seizure of the glassine bags containing the illicit drugs. He argues that County Court should not be permitted to take into consideration the assertions of the informant because a *Darden* hearing was denied. Without that information, we have in the record before us the testimony of a detective with long experience in the investigation of narcotics trafficking who was personally acquainted with defendant. Because of prior investigations of the activities of other defendants, the detective was aware of the fact that defendant's name was linked on numerous occasions with drug traffic in Albany. From a distance of no more than three feet, the detective observed a glassine bag in the hand of defendant which the detective recognized as a type of container frequently used in illicit drug traffic. Immediately upon confrontation, defendant transferred the bag from his hand to his mouth and endeavored to flee. Subsequently, it was determined that the glassine bag contained heroin.

Probable cause may be found to exist where there is "information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay,* 51 NY2d 594, 602). Here, as in this court's decision in *People v Martin* (52 AD2d 988, 989), the combination of the knowledge possessed by the officer about defendant and his activities, coupled with the sighting of the glassine packet, was sufficient to give probable cause at that point in time (*see also, People v Balas,* 104 AD2d 1039, 1041).

A *Darden* hearing in this case would have produced nothing more than the evidence introduced at the suppression hearing. The identity and reliability of the informant was unknown by the police because the information they obtained was a telephone call from an anonymous person. However, as this court noted in *People v Lanahan* (96 AD2d 675, 676), the officer was able to personally confirm the details given to him as a result of the caller's report, and the accuracy of that information established the informant's reliability. In the instant case, not only did the noncriminal-type details supplied by the caller match what the police found at the address given, but an experienced narcotics officer saw the glassine packet in defendant's hand; thus, there was evidence supporting the informant's information of criminal activity taking place (*see, People v Landy,* 59 NY2d 369, 374-375; *People v Elwell,* 50 NY2d 231; *see also, People v Rodriguez,* 52 NY2d 483, 492).

We find that there existed probable cause for the arrest and also sufficient indicia of the reliability of the information provided by the anonymous caller.

Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.