■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK M. CASSADEI, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 27, 1985, which revoked defendant's probation and imposed a sentence of imprisonment.

On February 27, 1985, defendant's previously imposed (Jan. 5, 1983) probationary term of five years upon his conviction of illegal possession of gambling records in the first degree was revoked following a hearing, and defendant was resentenced to an indeterminate prison term of 1⅓ to 4 years. On this appeal, defendant argues that this sentence is unduly harsh and excessive in the circumstances; that incriminatory evidence offered at the revocation hearing had been illegally obtained; and that testimony of his incriminating statements should have been suppressed for the failure of the arresting officers to afford him the *Miranda* warnings.

Defendant was arrested on December 21, 1984 at the Rotterdam Mall in Schenectady County by Investigators Louis Orsini and Richard Collins of the Town of Rotterdam Police Department. These investigators had been assigned there by Lieutenant Louis Suriano in response to information supplied

by a confidential informant that defendant was using a telephone booth across from the Consumer Optical Store in that mall as a gambling operation on Tuesday and Friday afternoons between 4:15 P.M. and 4:30 P.M. The officers arrived together at about 4:00 P.M. to 4:15 P.M. Collins commenced surveillance about 20 feet from the designated telephone booth, inside the optical store; Orsini stationed himself inside the neighboring Radio Shack store. Defendant arrived at about 4:30 P.M. and walked directly to the telephone booth with his back to the investigators. He was observed to dial two numbers and was hunched over and writing. Collins approached from the rear while defendant was dialing a third number. He observed defendant writing a series of numbers and stating "yes" "okay" into the telephone. Collins realized that defendant was preparing a "policy record" by making notes on bets he had taken. Collins grabbed defendant's arm to obtain this paper but the paper fell to the ground and Collins picked it up. Orsini walked up and took the paper from Collins and informed defendant that he was under arrest and told him his *Miranda* rights. Defendant said he knew his rights and requested Orsini to give him a break and overlook his actions. Defendant was taken to the police station where defendant informed them that the first column on the confiscated sheet showed the numbers bet, and the second column the amount of each bet. Defendant's request for a copy of the sheet was refused; defendant was carrying about $800 in cash on his person.

Contrary to defendant's contention that the paper was illegally seized since defendant had not been placed under arrest at that time, the investigator had probable cause to arrest defendant in the circumstances described above, which Collins observed first hand. From his experience and from the courses he had attended in regard to gambling activity, Collins was able to identify the policy record for what it was. The conduct of defendant observed before he was arrested coincided with the activity the investigators were assigned to look for. Therefore, Collins had probable cause, defined as " 'information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed' " *(People v Davis,* 111 AD2d 563, 565, quoting *People v McRay,* 51 NY2d 594, 602), to seize the policy record even though defendant had not then been placed under arrest *(see, People v Landy,* 59 NY2d 369, 377).

As to the *Miranda* warnings, the contradictory testimony

between defendant and Orsini as to whether they were given simply creates a credibility issue of fact which the trial court determined against defendant (see, People v Gloskey, 105 AD2d 871). This evidence, having been properly received and credited by the trial court, supplied sufficient basis for the court's determination that defendant had violated the term and conditions of his probation. Having so found, it was well within the bounds of that court's discretion to impose a prison sentence of 1⅓ to 4 years (see, People v Hochberg, 62 AD2d 239, 251). Although defendant is 67 years old and has been convicted of a nonviolent crime, it appears that defendant's bookmaking and gambling activity dates back to 1951. In the circumstances, the sentence was appropriate and the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.