■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY MILLER, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered January 17, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.

Ordered that the amended judgment is affirmed.

In 1988 the defendant pleaded guilty to assault in the second degree in satisfaction of Indictment Number 4490/87, which charged him with numerous violent crimes perpetrated against his then girlfriend. He was sentenced to six months in jail and five years probation. While on probation, the defen-

dant entered into a relationship with a different woman, whom he also allegedly abused. The complainant secured an order of protection which the defendant admittedly violated on at least two occasions. He pleaded guilty to two charges of criminal contempt in the second degree arising out of the violation of the order of protection (Penal Law § 215.50 [3]).

Clearly, the defendant's two misdemeanor criminal contempt convictions constituted a violation of the terms of his probation on the assault charge and justified the revocation thereof (see, CPL 410.10 [2]; People v Hemphill, 120 AD2d 767; People v Cassadei, 116 AD2d 961). Moreover, under the circumstances of this case, and in light of the defendant's lengthy criminal record, which includes at least three series of criminal acts perpetrated against women with whom he had established relationships, the court acted properly in sentencing the defendant to a term of imprisonment to deter and isolate the defendant so as to prevent further similar criminal episodes (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Copertino and Pizzuto, JJ., concur.