OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Defendant was convicted, after a bench trial in Town Court, of petit larceny, for stealing more than $6,500 from his employer. After informing him that he faced a maximum jail term of one year and a $1,000 fine, the Town Justice sentenced defendant to three years’ probation. As a condition of his sentence, the court ordered defendant to make restitution to his employer within two and one-half years. Defendant was given a written copy of his conditions of probation, including full restitution, which he signed. Reiterating that restitution
 
 *182
 
 was required, the court additionally instructed defendant to refrain from using drugs or alcohol and from violating the law; to submit to random chemical testing upon the request of the Probation Department; and to report to a probation officer as directed.
 

 Two and one-half years later, defendant’s probation officer sought a declaration of delinquency. At the revocation hearing before the same Town Justice, the probation officer testified that defendant had failed to pay any restitution and indeed maintained that he had been wrongly accused. Defendant nonetheless offered to pay $4,000, with the balance to be paid in one year, but complained that the Trial Judge had not allowed him to put on a witness who would testify that he was not guilty. The court responded: “I’m not interested in the money any more, I gave you the opportunity to take care of this matter, I gave you more than ample time to take care of this matter, the probation officer warned you what could happen if you did not take care of this. You brought this upon yourself, Mr. Amorosi, you only have yourself to blame.” Defendant then offered to pay the money “in a few days.” The court found defendant guilty of probation violation and sentenced him to one year in jail.
 

 On appeal to County Court, defendant contended that CPL 420.10 (3), (4) and (5) were applicable to his sentence, particularly CPL 420.10 (4), which provides that when a court directs that a defendant be imprisoned until restitution is paid, it must specify a maximum period of imprisonment (for a class A misdemeanor such as petit larceny, this period may not exceed one-third the maximum, or four months). County Court concluded that payment of restitution was a condition of defendant’s sentence of probation under CPL article 410, that he was cognizant of both the consequences of failing to pay and the maximum period of incarceration, and that the one-year sentence had been properly imposed. We now affirm.
 

 Discussion
 

 Defendant challenges the legality of his sentence on the ground that the substantive and procedural protections contained in CPL 420.10 (3)-(5) necessarily apply to him. At its core, defendant’s claim is that, although he committed a violation of probation for which he faced up to a year in jail under CPL article 410, he should nevertheless have received only onerthird of that sentence, as would a defendant who faced imprisonment until making restitution under article 420. Defendant’s claim lacks merit.
 

 
 *183
 
 The dual goals of the restitution statute are to insure that victims will be made whole and that offenders will be both rehabilitated and deterred from future wrongdoing. To that end, restitution has been authorized as a condition of probation in New York since 1910
 
 (People v Hall-Wilson,
 
 69 NY2d 154, 156). In 1984, the Legislature underscored the importance of restitution as an alternative to incarceration by requiring its consideration, in addition to permitting it, as a condition of probation (L 1984, ch 417 [amending Penal Law § 65.10]). While it is the policy of the State that restitution should where practicable be made to victims by each convicted criminal, restitution is seen as particularly appropriate in conjunction with probation or conditional discharge because these dispositions are more likely to be associated with property crimes. “Because of the very nature of property crime, such defendants are often quite capable of making restitution to their victims” (Mem of Senate Sponsor Ralph Marino, Bill Jacket, L 1984, ch 417, at 8). A sentence of probation is, of course, a tentative disposition that may be altered or revoked in accordance with the provisions of the article under which it was imposed (Penal Law § 60.01 [2] [a] [i]; [b]).
 

 Here, the court directed payment of restitution as a condition of defendant’s sentence of probation (CPL 420.10 [1] [c]). The statute authorized the court to direct restitution to be paid within a period of time less than that imposed as the term of probation (CPL 420.10 [1] [a] [i]-[iii]). Town Court required defendant to. pay restitution within two and one-half years of sentencing; the probationary period was three years.
 

 CPL 420.10 (3) and (4) are simply inapplicable to defendant’s case. CPL 420.10 (3) provides that:
 

 “Where the court imposes a fine, restitution or reparation, the sentence may provide that if the defendant fails to pay the fine, restitution or reparation in accordance with the direction of the court, the defendant must be imprisoned until the fine, restitution or reparation is satisfied.”
 

 Courts thus have the option to use the possibility of imprisonment as an incentive for defendants to make restitution. The sentence imposed on defendant, however, did not provide that a failure to pay restitution would result in his imprisonment until he made payment. Nor does CPL 420.10 (4) apply to defendant. That provision states:
 

 “4. Period of imprisonment. When the court directs
 
 *184
 
 that the defendant be imprisoned until the fine, restitution or reparation be satisfied, it must specify a maximum period of imprisonment subject to the following limits: * * *
 

 “(b) Where the fine, restitution or reparation is imposed for a misdemeanor, the period may not exceed one-third of the maximum authorized term of imprisonment.”
 

 Here, defendant was not jailed while obligated to make restitution. Rather, under the terms of his sentence, he was on probation and had a full two and one-half years to make restitution. To be sure, when a probationer cannot pay restitution — despite sufficient good faith efforts to acquire the resources to do so — then a court must consider measures of punishment other than imprisonment. Indeed, depriving probationers of conditional freedom based simply on their indigence would be an invidious denial to one class of defendants of a substantial benefit available to another
 
 (Bearden v Georgia,
 
 461 US 660, 672-673). If, on the other hand, a probationer has willfully refused to pay restitution when he or she can pay, the State is justified in revoking probation and using imprisonment as an appropriate penalty for the offense
 
 (id.,
 
 at 668). Here, defendant willfully refused to pay any restitution within the two and one-half year period
 
 (see, People v Pestone,
 
 269 AD2d 546;
 
 People v Egelston,
 
 171 AD2d 904).
 

 True, defendant could have applied for resentencing under CPL 420.10 (5)
 
 (see, People v Sherman,
 
 35 NY2d 931). That provision allows a court, when it is satisfied that a defendant is unable to pay restitution, to adjust the payment terms, lower the amount of restitution, or, if the sentence consists of probation or imprisonment and restitution, revoke the portion of the sentence imposing restitution, or revoke the entire sentence imposed and resentence the defendant. Defendant never sought resentencing or claimed an inability to pay. Rather, he. offered to pay $4,000 and stated that he would pay the balance within a year. Ultimately, he told the court he could make full restitution “in a few days.” Thus, defendant admitted a contemporaneous ability to pay, and never attempted to invoke the protection of CPL 420.10 (5).
 

 Defendant was lawfully sentenced. Town Court was empowered to make restitution a condition of defendant’s sentence of probation (Penal Law § 65.10 [2] [g]; CPL 420.10 [1] [c]). After defendant failed to make any payment of restitution within the
 
 *185
 
 allotted two and one-half years, his probation officer sought a declaration of delinquency under CPL 410.30. The court held a revocation hearing as prescribed by CPL 410.70; defendant was given notice of the hearing, appeared with counsel and was heard by the court (CPL 410.70 [3], [4]). At the conclusion of the hearing, the court determined that defendant had violated a condition of probation, revoked his probation (CPL 410.70 [5]) and sentenced him to a year in jail, as authorized by Penal Law § 60.01 (4) (in any case where a person has been sentenced to a period of probation, if probation is revoked, the court must sentence such person to imprisonment). Defendant’s remaining contentions are unpreserved for our review.
 

 Accordingly, the order of the County Court should be affirmed.
 

 Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed.