THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON F., Appellant. [750 NYS2d 707] —Appeal from an

adjudication of Cattaraugus County Court (Himelein, J.), entered October 15, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

It is hereby ordered that the adjudication so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Contrary to the contention of defendant, the People proved, by a preponderance of the evidence (see CPL 410.70 [3]), that defendant willfully violated the terms and conditions of his probation. According to conditions 12 and 13 of defendant's probation, defendant was required to "[p]artici-pate in sex offender treatment * * * on an ongoing basis" and "[c]omply with all rules and regulations of the sex offender group treatment program." Participants in that treatment program were, among other things, required to buy a workbook, to attend group counseling sessions and to keep a journal. Attendance at a group counseling session without the workbook would be treated as an absence. Here, defendant failed to buy a workbook until after his participation in the treatment program had been terminated, failed to attend two group counseling sessions, which he attributed to his financial in-ability to buy the workbook, and failed to keep a journal.

The Court of Appeals has determined that "depriving probationers of conditional freedom based simply on their indigence would be an invidious denial to one class of defen-dants of a substantial benefit available to another" (People v Amorosi, 96 NY2d 180, 184). Thus, the failure of defendant to buy the workbook cannot serve as a basis for determining that he violated his probation unless the People establish defen-dant's financial ability to buy the workbook (see generally id.). No such proof was offered. The requirement that defendant keep a journal, however, had no financial component and thus "the burden of proving a justifiable excuse for [that] probation violation is on [respondent]" (People v Costanza, 281 AD2d 120, 123, lv denied 96 NY2d 827). Defendant provided no excuse for his failure to keep a journal, and County Court therefore properly revoked his probation. The sentence imposed follow-ing the revocation of probation is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.