THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SIMONE, Appellant. [785 NYS2d 82]—

Judgment of resentence, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 10, 2004, convicting defendant of violation of probation and revoking his prior sentence of probation and resentencing him to a term of 1½ to 4½ years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

As the court concluded in its opinion (2 Misc 3d 469 [2003]), the preponderance of the evidence established that defendant violated a condition of his probation when he lied to the court in response to various questions, including those relating to his employment, an area subject to direct supervision under the terms of his probation. Defendant had fair notice that such conduct would be a violation of his probation, and the declaration of delinquency provided fair notice of the charged misconduct and a full opportunity to defend against the charges (*see id.*, and cases cited therein).

The claimed violations of defendant's constitutional rights

during the proceeding at which the false statements were elicited did not entitle him to testify falsely (*see United States v Wong*, 431 US 174 [1977]; *Bryson v United States*, 396 US 64, 72 [1969]; *United States v Bova*, 350 F3d 224, 226-229 [1st Cir 2003]), and suppression of the statements is not warranted.

Defendant's request that the court recuse itself was untimely (*cf. People v Paperno*, 54 NY2d 294, 303 [1981]), since defendant participated in the evidentiary hearing without suggesting that it should be transferred to another judge. It was only after all evidence had been received, after defendant had retained a new attorney and after posthearing plea negotiations had failed that defendant sought recusal. In any event, recusal was properly denied (*see People v Moreno*, 70 NY2d 403 [1987]).

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Andrias, Saxe, Williams and Sweeny, JJ.