THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM COSTANZA, Appellant. [829 NYS2d 160]—

Appeal by the defendant from an amended judgment of the County Court, Putnam County (Miller, J.), rendered December 7, 2005, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of assault in the second degree.

Ordered that the amended judgment is affirmed.

On May 21, 2003 the defendant, having pleaded guilty to assault in the second degree, was sentenced to, inter alia, a period of probation which included as conditions thereof that he abstain from the use of illegal drugs or alcohol and submit to testing for these substances. In April 2005 the defendant was arrested in connection with a complaint of assault and unlawful imprisonment; at that time, he refused to submit to requested drug testing. After a hearing, the defendant was found to have violated the terms of his probation, and sentence was imposed on the original assault conviction.

Having considered the evidence of the defendant's mental illness as a factor (*see People v Recor,* 87 NY2d 933 [1996]), the court properly found that evidence of the defendant's mental illness did not establish his lack of capacity (*see People v Godfrey,* 33 AD3d 623 [2006]; *People v LaGuerre,* 29 AD3d 820 [2006]; *People v Phillips,* 243 AD2d 514 [1997]). The court properly found that the defendant had violated the terms of his proba-

tion by a preponderance of the evidence (*see* CPL 410.70; *People v Murray*, 12 AD3d 838 [2004]; *People v Cook*, 295 AD2d 622 [2002]; *People v Costanza*, 281 AD2d 120 [2001]).

Upon a finding that defendant has violated probation, the court is authorized to revoke probation and sentence defendant for the original crime (*see* CPL 470.10 [5]; *People v Haas*, 245 AD2d 825 [1997]). The sentence imposed was not excessive (*see People v Miller*, 185 AD2d 248 [1992]). Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.