■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE HOBSON, Appellant. [843 NYS2d 146]—

Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Crecca, J.), rendered March 29, 2005, revoking a sentence of probation previously imposed by the same court (Ohlig, J.), upon a finding that he violated conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of burglary in the third degree.

Ordered that the amended judgment is affirmed.

After the defendant pleaded guilty to a charge of burglary in the third degree on March 12, 2003 the County Court sentenced him to a term of six months in the Suffolk County Correctional Facility, to be followed by a five-year term of probation. The defendant agreed to certain conditions of his probation, including, inter alia, that he (1) report to his probation officer, as directed, (2) submit to drug testing, and (3) make reparations in the amount of $1,000 plus a 5% surcharge to be paid to the Suffolk County Probation Department.

On March 29, 2005 the County Court held a hearing regarding allegations that the defendant had violated certain conditions of his probation. At the conclusion of the hearing, the

County Court found that the defendant had violated conditions of his probation by failing to (1) report to his probation officer on 10 separate occasions, (2) complete a drug treatment program, (3) pay the required restitution, and (4) abstain from the illegal use of controlled substances. The County Court revoked the defendant's prior sentence of probation and imposed a sentence of imprisonment upon the defendant's previous conviction of burglary in the third degree. The defendant now appeals, arguing that the imposed sentence is excessive. We disagree and affirm the amended judgment.

"Upon a finding that defendant has violated probation, the court is authorized to revoke probation and sentence defendant for the original crime" (*People v Costanza*, 36 AD3d 829, 830 [2007]; *see* CPL 410.70). Moreover, the sentencing of the defendant " 'is a matter committed to the exercise of the sentencing court's discretion' " (*People v Suitte*, 90 AD2d 80, 83 [1982], quoting *People v Farrar*, 52 NY2d 302, 305 [1981]). On appellate review, this Court's role is to determine "whether the sentence is excessive to the extent that there was a failure to exercise the principles of sentencing" (*People v Suitte*, 90 AD2d at 86).

Here, the record establishes that the County Court appropriately considered the circumstances surrounding the defendant's numerous violations of the conditions of his probation, his lengthy criminal history, his family situation, and the underlying crime (*see People v Costanza*, 36 AD3d at 830; *People v Bryant*, 32 AD3d 1080, 1081 [2006]; *People v Rowland*, 11 AD3d 825, 826 [2004]; *People v Miller*, 185 AD2d 248 [1992]; *People v Suitte*, 90 AD2d 80 [1982]). Moreover, the imposed sentence falls within the statutory parameters (*see People v Parmeter*, 238 AD2d 811, 813 [1997]; Penal Law §§ 140.20, 70.00 [2] [d]).

The defendant's remaining contentions are without merit. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.