■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAA AGINA, Also Known as ALAN AGINA, Appellant. [886 NYS2d 630]—

Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered June 17, 2005, revoking a sentence of probation previously imposed by the same court (Grosso, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment and postrelease supervision upon his previous conviction of assault in the second degree.

Ordered that the amended judgment is affirmed.

Contrary to the defendant's contention, he was provided with fair notice of the charged misconduct through the specification of the alleged violation of probation (*see* CPL 410.70 [2]; *People v Crawford,* 61 AD3d 774, 775 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Simone,* 13 AD3d 71 [2004]). The third specification of the violation of probation identified the defendant's conduct as including, inter alia, "Assault 2 (sub 02)," unlawful imprisonment, and endangering the welfare of a child, and was understood as such by defense counsel during summation. The court's finding that the defendant's conduct violated a condition of his probation, specifically that he lead a law-abiding life, was "based 'upon a preponderance of the evidence which requires a residuum of competent legal evidence in the record'" (*People v Washington,* 55 AD3d 933, 934 [2008], quoting *People v Matula,* 258 AD2d 670, 670-671 [1999]; *see* CPL 410.70 [3]). Accordingly, we need not reach the defendant's remaining contention. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.