■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW DELPESCE, Appellant. [890 NYS2d 342]—

Since "the defendant admitted to the violation[s] of probation with a full understanding that he would receive the term of imprisonment actually imposed at the time of resentencing, . . . he has no basis now to complain that his re-sentence was excessive" (*People v Grzywaczewski*, 61 AD3d 699, 700 [2009]; *see People v Trias*, 50 AD3d 828, 828-829 [2008]). In any event, the resentence was not excessive (*see People v Hobson*, 43 AD3d 1179, 1180 [2007]; *People v Costanza*, 36 AD3d 829, 830 [2007]; *People v Arogundy*, 112 AD2d 1003, 1004 [1985]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD FOSTER, Appellant. [890 NYS2d 341]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.