■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW CENTOFANTI, Appellant. [904 NYS2d 664]—

Appeal by the defendant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered June 22, 2009, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of driving while intoxicated as a felony.

Ordered that the amended judgment is affirmed.

On May 21, 2009, the defendant admitted that he violated the terms and conditions of his probation on February 5, 2009. The County Court set the sentencing date for August 11, 2009. The County Court promised that if he were in full compliance with the conditions of his probation until then, it would continue him on probation and, if not, it would "remove him from probation and resentence him to incarceration."

It is undisputed that the defendant again violated the conditions of his probation five days later on May 26, 2009. He was brought back to the County Court on June 22, 2009, at which time a sentence of imprisonment was imposed. Since the defendant was advised that a sentence of imprisonment would be imposed if he failed to fully comply with the terms of his probation, he has no basis to now complain merely because such a sentence was imposed (see People v Burton, 69 AD3d 644 [2010]; People v Delpesce, 68 AD3d 1131 [2009]).

The defendant's remaining contention is without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.