■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARDOUCHE SOUFFRANCE, Appellant. [942 NYS2d 180]—

Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Wong, J.), rendered March 26, 2009, revoking a sentence of probation previously imposed by the same court (Mullings, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of rape in the second degree.

Ordered that the amended judgment is reversed, on the law and in the exercise of discretion, and the matter is remitted for further proceedings consistent herewith, before a different Justice, and for a new determination thereafter.

The defendant was originally sentenced, upon his conviction of rape in the second degree, inter alia, to a term of probation. The defendant's term of probation was subsequently revoked based, in large part, upon the defendant's failure to pay fees for required sex offender and substance abuse treatment programs, and he was sentenced to a prison term of $2^{1}/_{3}$ to 7 years.

When a probationer cannot make court-ordered payments "despite sufficient good faith efforts to acquire the resources to do so," a court "must consider measures of punishment other than imprisonment" (People v Amorosi, 96 NY2d 180, 184 [2001]; see Bearden v Georgia, 461 US 660, 672-673 [1983]; People v Brandon F., 299 AD2d 962, 963 [2002]; see also People v Hassman, 70 AD3d 716 [2010]). "[D]epriving probationers of conditional freedom based simply on their indigence" constitutes a violation of their rights under the Fourteenth Amendment of the United States Constitution (People v Amorosi, 96 NY2d at 184; see Bearden v Georgia, 461 US at 672-673). Here, the defendant correctly contends that, absent a finding that his failure to pay the program fees was willful, the revocation of his probation and sentence to a term of imprisonment based upon his failure to pay program fees violated his constitutional rights (see Bearden v Georgia, 461 US at 672-673; People v Amorosi, 96 NY2d at 184; People v Brandon F., 299 AD2d at 963).

Accordingly, we remit the matter for further proceedings, before a different Justice, to determine whether the defendant's failure to pay the program fees was willful, and to determine

whether other grounds relied upon by the Supreme Court in revoking the defendant's probation may, by themselves and consistent with the defendant's due process rights, serve as a valid basis for revocation of his probation and the imposition of a sentence of imprisonment, and for a new determination thereafter.

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.