■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUALLIQUE MACK, Appellant. [989 NYS2d 377]—Appeal by the defendant, as limited by his motion, from an amended sentence of the Supreme Court, Kings County (Brennan, J.), revoking a sentence of probation previously imposed by the same court (Mullen, J.), upon a finding that he violated conditions thereof, upon his admission, and imposing a term of imprisonment upon his previous convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree imposed November 27, 2012, on the ground that the amended sentence was excessive.

Ordered that the amended sentence is affirmed.

The defendant's waiver of his right to appeal, the validity of which he does not challenge on appeal, precludes review of his claim that the amended sentence imposed, upon his admission that he violated conditions of his probation, was excessive (*see People v Whitlock*, 114 AD3d 970 [2014]; *People v Emma*, 101 AD3d 1146 [2012]; *People v Sansone*, 65 AD3d 636 [2009]). Eng, P.J., Balkin, Dickerson and Hinds-Radix, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO MAIR, Appellant. [989 NYS2d 390]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Chin-Brandt, J.), imposed February 2, 2012, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]) and thus, does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Balkin, Dickerson, Lott and Miller, JJ., concur.