*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 31, 2014                    104063
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

OMAR WHITE,
                        Appellant.
_____

Calendar Date:   May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

                        _____

        M. Joe Landry, Schenectady, for appellant, and appellant pro se.

        Robert M. Carney, District Attorney, Schenectady (Gerald A. Dwyer of counsel), for respondent.

                        _____

Peters, P.J.

        Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 28, 2011, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

        In full satisfaction of a 37-count indictment, defendant pleaded guilty to robbery in the second degree and waived his right to appeal.  Prior to sentencing, defendant sent a letter to County Court expressing his desire to withdraw his plea – contending that defense counsel had pressured him into pleading guilty and that he had not been provided with meaningful representation.  Following a colloquy with defendant, County Court denied his request and thereafter sentenced him, as a

second felony offender, to 12 years in prison, to be followed by five years of postrelease supervision, and he was ordered to pay restitution. Defendant appeals.

We affirm. Contrary to defendant's contention, we conclude that he made a valid waiver of the right to appeal, as the plea allocution and signed written waiver demonstrate that defendant knowingly, intelligently and voluntarily waived his right to appeal his conviction and sentence (see People v Torres, 110 AD3d 1119, 1119 [2013], lv denied 22 NY3d 1044 [2013]; People v Marshall, 108 AD3d 884, 884 [2013], lv denied 22 NY3d 957 [2013]). Furthermore, his valid waiver of the right to appeal precludes his claim that the sentence imposed is harsh and excessive (see People v Fling, 112 AD3d 1001, 1002 [2013], lv denied ___ NY3d ___ [June 9, 2014]; People v Passino, 104 AD3d 1060, 1061 [2013], lv denied 22 NY3d 1157 [2014]).

Defendant further argues that his plea was not knowingly, intelligently and voluntarily entered due to the fact that, while he was informed at the time of his plea that a period of postrelease supervision would be imposed, he was unaware of its duration. However, inasmuch as defendant was advised by County Court at the outset of the sentencing proceeding that his sentence would include five years of postrelease supervision and he did not raise this issue, his challenge to the voluntariness of his plea is not preserved for our review (see People v Murray, 15 NY3d 725, 726-727 [2010]; People v Lee, 80 AD3d 1072, 1073 [2011], lvs denied 16 NY3d 832, 833 [2011]). Finally, defendant's claim that the amount of restitution ordered is not supported by the record is also unpreserved for our review in light of his failure to request a restitution hearing or otherwise contest the amount of the award at sentencing (see People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]; People v Empey, 73 AD3d 1387, 1389 [2010], lv denied 15 NY3d 804 [2010]). In any event, the victim impact statement contained adequate support for the amount ordered (see People v Thomas, 71 AD3d 1231, 1232 [2010], lv denied 14 NY3d 893 [2010]).

Rose, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court