■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL N. PATRICK, Appellant. [999 NYS2d 774]—Devine, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 15, 2013, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in third degree (two counts).

Defendant was charged in an indictment with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in third degree arising out of the sale of heroin and cocaine to a confidential informant. Defendant rejected a plea agreement offered by the People, pursuant to which he would plead guilty to one charge in the indictment and receive eight years in prison. Defendant did plead guilty as charged, however, with the understanding that he would be sentenced by County Court to a determinate prison term between 5 and 10 years, with the potential that restitution would be awarded. The court thereafter sentenced him, as a second felony offender, to an aggregate prison term of seven years, to be followed by three years of postrelease supervision, and ordered that defendant pay $370 in restitution. Defendant now appeals.

We affirm. Initially, we note that defendant's pro se claims regarding the involuntariness of his plea and ineffective assistance of counsel involve matters outside the record and, thus, are more appropriately raised in a CPL article 440 motion to vacate the judgment (*see e.g. People v DeCapria*, 121 AD3d

1432, 1433 [2014]; *People v Miner*, 120 AD3d 1449, 1450 [2014]). Defendant failed to preserve his sole remaining argument challenging the amount of restitution because he did not request a hearing or otherwise challenge the award of restitution at sentencing, and corrective action in the interest of justice is unwarranted (*see People v Ortolaza*, 120 AD3d 843, 844 [2014]; *People v White*, 119 AD3d 1286, 1287 [2014]). Accordingly, the judgment must be affirmed.

Lahtinen, J.P., Garry and Clark, JJ., concur. Ordered that the judgment is affirmed.