■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS W. GUZMAN, Appellant. [5 NYS3d 880]—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Hudson, J.), rendered November 1, 2013, revoking a sentence of probation previously imposed by the same court (Kahn, J.), upon a finding that he violated the conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of sexual abuse in the first degree.

Ordered that the amended judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of his due process rights to written notice of the alleged violations of his probation and to fair notice that the misconduct in which he allegedly engaged violated his conditions of probation (*see People v Crawford*, 61 AD3d 774, 775 [2009]; *People v Simone*, 13 AD3d 71, 71 [2004]; *cf. Douglas v Buder*, 412 US 430, 432 [1973]; *People v Almonte*, 50 AD3d 696, 697 [2008]; *People v Avellanet*, 272 AD2d 406, 407 [2000]). Moreover, upon finding that the defendant violated conditions of his probation, the County Court providently exercised its discretion in revoking probation and sentencing him to a term of imprisonment for the original conviction (*see* CPL 410.70 [5]; *People v Costanza*, 36 AD3d 829, 830 [2007]). The defendant's waiver of his right to appeal from the original conviction, the validity of which he does not challenge on appeal, precludes review of his claim that the sentence of imprisonment imposed was excessive (*see People v Mack*, 119 AD3d 875 [2014]; *People v Whitlock*, 114 AD3d 970, 971 [2014]; *People v Pook*, 73 AD3d 952, 952-953 [2010]; *People v Kimbrough*, 25 AD3d 810, 811 [2006]; *People v Gorovoy*, 309 AD2d 764 [2003]; *People v Strunkey*, 268 AD2d 492, 492 [2000]; *but see People v Dexter*, 71 AD3d 1504, 1504-1505 [2010]; *People v Venable*, 16 AD3d 771 [2005]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.