*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 22, 2015                    106701
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                  MEMORANDUM AND ORDER

BERTIN SONGA,
                        Appellant.
_____


Calendar Date:  September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

_____

        Carolyn B. George, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered March 26, 2014, which revoked defendant's
probation and imposed a sentence of incarceration.

        Defendant, a french-speaking refugee from the Democratic
Republic of Congo, pleaded guilty to welfare fraud in the third
degree and was sentenced to time served, five years of probation
and restitution in the amount of $9,511.60 to be paid in monthly
installments.  Two years later, he was charged with violating the
conditions of his probation by, among other things, failing to
report to his probation officer as directed on three separate
occasions and failing to make monthly restitution payments.
Following a hearing, County Court found that defendant violated
the terms of his probation, revoked his probation and sentenced

him to one year in jail with continued payment of restitution.
Defendant appeals.

Defendant's contention that County Court failed to afford
him an opportunity to make a statement at his initial appearance
on the violation petition is unpreserved for our review (see
People v Stachnik, 101 AD3d 1590, 1591 [2012], lv denied 20 NY3d
1104 [2013]) and, in any event, without merit (see id.; People v
McKoy, 303 AD2d 842, 842 [2003], lv denied 100 NY2d 564 [2003];
compare People v Padworski, 63 AD3d 558, 559 [2009]).  Further,
his assertion that he was denied the effective assistance of
counsel implicates matters outside of the record and is therefore
more appropriately addressed in the context of a CPL article 440
motion (see People v Pickett, 128 AD3d 1275, 1276 [2015], lvs
denied 26 NY3d 930, 933 [2015]; People v Patrick, 125 AD3d 1053,
1053-1054 [2015], lv denied 25 NY3d 991 [2015]).

Turning to the merits, the People have the burden of
proving by a preponderance of the evidence that defendant
violated a condition of his probation (see CPL 410.70 [3]; People
v Eggsware, 125 AD3d 1057, 1057 [2015], lv denied 25 NY3d 1162
[2015]).  The allegations that defendant failed to report on
August 6, 2013 and September 6, 2013 rested entirely upon hearsay
testimony, which alone cannot support a finding of a violation
(see People v Coupe, 124 AD3d 1141, 1142 [2015]; People v
Filipowicz, 111 AD3d 1022, 1022-1023 [2013], lv denied 22 NY3d
1156 [2014]).  With regard to defendant's failure to report on
October 10, 2013, the probation officer assigned to defendant's
case at the time confirmed that a probationer could be excused
from a scheduled meeting if he or she spoke with her directly.
She further acknowledged that defendant had called and left a
voice message for her earlier in the day in question, but stated
that she was unable to understand the message due to defendant's
accent and because the phone was "cutting in and out."  In light
of this evidence, we find that defendant acted "in good faith in
an attempt to carry out the [reporting] conditions of the imposed
probation" (People v Bowman, 73 AD2d 921, 922 [1980]; see People
v Costanza, 281 AD2d 120, 124 [2001], lv denied 96 NY2d 827
[2001]).  Thus, under the particular circumstances of this case,
his failure to report on October 10, 2013 should have been
excused (see People v Bowman, 73 AD2d at 922; compare People v

Mainville, 78 AD3d 1421, 1421-1422 [2010], lv denied 16 NY3d 833 [2011]; People v Frierson, 1 AD3d 711, 712 [2003]; People v Costanza, 281 AD2d at 124; People v Allen W., 129 AD2d 867, 867-868 [1987]).

The remaining basis for the probation violation was defendant's failure to make restitution payments.  It is settled that, "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay" (Bearden v Georgia, 461 US 660, 672 [1983]). "If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority" (id.).  If, on the other hand, "the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment" (id.; see People v Amorosi, 96 NY2d 180, 184 [2001]; People v Souffrance, 94 AD3d 1024, 1024 [2012]).

Here, there was neither an adequate inquiry into defendant's ability to pay nor a determination that his failure to pay was willful (see Bearden v Georgia, 461 US at 673-674; People v Souffrance, 94 AD3d at 1024).  Accordingly, the matter must be remitted for further proceedings to determine whether defendant's failure to make the required monthly restitution payments was willful and, if so, whether such failure, standing alone, serves as a valid basis for revocation of his probation and the imposition of a sentence of incarceration (see id.).

Lahtinen, Garry and Rose, JJ., concur.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court