██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GRIFFIN, Appellant. [40 NYS3d 173]—

Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Wong, J.), rendered September 18, 2014, revoking a sentence of probation previously imposed by the same court (Melendez, J.), upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of grand larceny in the third degree.

Ordered that the amended judgment is affirmed.

On January 25, 2010, the defendant pleaded guilty to grand larceny in the third degree. He was sentenced to five years' probation conditioned upon his paying $178,500 in restitution and surcharges, at a rate of $2,500 per month. On or about June 18, 2014, the defendant's probation officer filed a violation of probation report alleging the defendant violated his probation by failing to make the required restitution payments since March 2013. On June 26, 2014, and September 18, 2014, the Supreme Court held a hearing regarding the defendant's alleged violation of probation. At the conclusion of the hearing, the court revoked the defendant's probation upon a finding that he willfully failed to make the required restitution payments. The court imposed a sentence of imprisonment. The defendant appeals, contending that his failure to make restitution payments was not willful. Alternatively, he argues that the sentence imposed was excessive. We affirm the amended judgment.

Contrary to the People's contention, the defendant's waiver of his right to appeal was invalid (see *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Brown*, 122 AD3d 133, 141 [2014]; *People v Vasquez*, 101 AD3d 1054, 1055 [2012]).

"[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized

range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment" (*Bearden v Georgia*, 461 US 660, 672 [1983]; *see People v Souffrance*, 94 AD3d 1024, 1024 [2012]). "If, on the other hand, a probationer has willfully refused to pay restitution when he or she can pay, the State is justified in revoking probation and using imprisonment as an appropriate penalty for the offense" (*People v Amorosi*, 96 NY2d 180, 184 [2001]; *see Bearden v Georgia*, 461 US at 668).

Here, the Supreme Court held a hearing to determine whether the defendant willfully failed to make the required restitution payments and properly determined that the defendant's failure to pay was willful (*see Bearden v Georgia*, 461 US at 672; *People v Amorosi*, 96 NY2d at 184; *People v Souffrance*, 94 AD3d at 1024). Accordingly, the court properly imposed a sentence of imprisonment (*see* Penal Law § 60.01 [4]; *People v Amorosi*, 96 NY2d at 184; *People v Hobson*, 43 AD3d 1179, 1180 [2007]; *People v Costanza*, 36 AD3d 829, 830 [2007]).

The sentence imposed was not excessive (*see People v Hobson*, 43 AD3d at 1180; *People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.