People v Barnes (2018 NY Slip Op 02175)





People v Barnes


2018 NY Slip Op 02175


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-05341
 (Ind. No. 15-00810)

[*1]The People of the State of New York, respondent,
v
Anthony Barnes, appellant.


Mark Diamond, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Virginia A. Marciano and Richard Longworth Hecht of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered April 15, 2016, revoking a sentence of probation previously imposed by the same court (Barbara G. Zambelli, J.), upon a finding that he violated conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous convictions of grand larceny in the third degree and identity theft in the first degree.
ORDERED that the amended judgment is affirmed.
The defendant pleaded guilty to grand larceny in the third degree and identity theft in the first degree. As a condition of his plea, the defendant waived his right to appeal. On February 2, 2016, the County Court sentenced the defendant to time served, plus five years of probation to run concurrently for both convictions. The defendant agreed to certain conditions of his probation, including, inter alia, reporting to his probation officer as directed and making payment of restitution in the amount of $9,296.24 to the Department of Probation by February 26, 2016. The defendant requested to make the payment in full, rather than on a payment schedule, and he agreed to make the payment by February 26, 2016. Since the defendant was paying in full, the court did not impose a 5% surcharge on the restitution payment.
On or about February 26, 2016, a petition alleging a violation of probation was filed, wherein it was alleged that the defendant had violated certain conditions of his probation. At the conclusion of a violation hearing, the County Court found that the defendant had violated conditions of his probation by failing to report to his probation officer as directed on February 23, 2016, and to make the required restitution payment by February 26, 2016. The court revoked the defendant's prior sentence of probation and imposed a sentence of imprisonment. The defendant appeals.
"A finding of a violation of probation must be based upon a preponderance of the evidence" (People v Stahl, 113 AD3d 640, 641; see CPL 410.70[3]; People v Maldonado, 44 AD3d 793, 793-794). " Upon a finding that defendant has violated probation, the court is authorized to revoke probation and sentence defendant for the original crime'" (People v Hobson, 43 AD3d 1179, 1180, quoting People v Costanza, 36 AD3d 829, 830; see CPL 410.70[5]). Here, contrary to the [*2]defendant's contention, the County Court providently exercised its discretion in revoking his probation and sentencing him to a term of imprisonment upon finding, by a preponderance of the evidence, that he violated two conditions of his probation, one of which was to pay restitution by a date certain (see People v Griffin, 143 AD3d 1000), and the other of which directed him to report to his probation officer (see People v Cook, 295 AD2d 622).
Contrary to the defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 255; People v Seaberg, 74 NY2d 1, 9) and, thus, precludes review of his claim that the sentence imposed upon his violation of probation was excessive (see People v Guzman, 127 AD3d 1108, 1108; People v Arrington, 94 AD3d 903, 903; People v Pook, 73 AD3d 952, 952-953).
The defendant's remaining contention is without merit.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court